IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **COYOTE LOGISTICS, LLC**, on its own behalf and assignee and subrogee of **Driscoll Strawberry Assoc., Inc.**, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15 C 1134<br>) |
| **NEWTON KENNEDY ASSET TRANSPORTATION, LLC**, | )<br>)<br>) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

When this Court spotted a reference to an "initial status report" in a recent review of ECF filings (no copy of that document had been delivered to this Court's chambers as is required by LR 5.2(f)), it had a copy of the document printed out by its secretary.[1] Although that status report reflects that an Answer had been filed by defendant Newton Kennedy Asset Transportation, LLC ("Newton") on March 3, 2015, Newton's counsel had also violated LR 5.2(f) by their failure to have delivered a judge's copy of that pleading to this Court's chambers. This Court has printed out a copy of that Answer, and this memorandum order is issued sua sponte because of some problematic aspects of that pleading.

To begin with, in their responses to Complaint ¶¶ 1, 2 and 8 Newton's counsel have inexplicably (and impermissibly) departed from the plain roadmap marked out by Rule 8(b)(5)

---

[1] Incidentally, this Court's initial scheduling order in cases on its calendar does <u>not</u> call for such reports, which experience teaches have little or no value when issued early in a case's life (despite the provisions of Fed. R. Civ. P. ("Rule") 16(b)(3)(A) to the contrary).

for a disclaimer in situations where a defendant is unable to admit or deny a plaintiff's allegation as called for by Rule 8(b)(1)(B). Moreover, Newton's departure from the Rule 8(b)(5) formulation is accompanied by a demand for "strict proof" -- whatever that may mean. In both of those respects, see App'x ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Next, Newton's counsel -- again both inexplicably and impermissibly -- have responded to the straightforward jurisdictional allegation of Complaint ¶ 5 by characterizing it as a legal conclusion to which no response is called for. In that respect, see App'x ¶ 2 to State Farm (whatever happened to a simple admission?).

In still another inappropriate response, Newton's counsel's Answer ¶ 9 asserts as to Complaint ¶ 9:

> Defendant states that the bill of lading speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 9 conflict with the bill of lading, Defendant denies those allegations.

That locution offends in two ways. For one thing, a statement that a document "speaks for itself" is an unacceptable response -- a subject addressed in App'x ¶ 3 to State Farm. And as for the denial of the allegations in Complaint ¶ 9 "[t]o the extent [that they] conflict with the bill of lading," that improperly expects opposing counsel, this Court and any other reader to divine what defense counsel may consider to be such a conflict -- instead, if defense counsel believe that such a conflict does exist, they must flesh out their position in that respect.

Finally, several of Newton's asserted affirmative defenses ("ADs") leave something to be desired. Here are the problems that this Court has noted:

1. AD 1 is essentially the equivalent of a Rule 12(b)(6) motion, but it ignores the fundamental principle that an AD must accept a complaint's

- 2 -

well-pleaded allegations as gospel -- see App'x ¶ 5 to <u>State Farm</u>. Moreover, if Newton's counsel believe that the Complaint is deficient in that respect, that issue must be brought on by a fleshed-out motion rather than letting it sit there like a ticking time bomb that could explode the Complaint -- and perhaps this action itself -- after the parties have devoted time and effort to discovery.

2. AD 2, which asserts a failure "to exercise reasonable diligence in mitigating [Coyote's] damages," is totally hypothetical. Future discovery may reveal that to be a viable AD, but for the present it is stricken without prejudice.

3. That appears to be true as well as to ADs 3 (asserting the absence of proximate cause) and 4 (asserting the shipper's or owner's fault to be the sole cause of loss). Here too those ADs are stricken without prejudice, with the potential of reassertion if discovery reveals either or both of those contentions to have any purchase.

In sum, Newton's counsel is required to go back to the drawing board to address the flaws identified in this opinion on or before April 10, 2015. This Court leaves to counsel the decision whether to do so through a self-contained Amended Answer or by an amendment to the present Answer.

                                                                             _____
                                                                             Milton I. Shadur
                                                                             Senior United States District Judge

Date: March 25, 2015